**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BIOGEN INTERNATIONAL GMBH and BIOGEN MA INC., <br><br> Plaintiffs, <br><br> v. <br><br> GLENMARK PHARMACEUTICALS LIMITED and GLENMARK PHARMACEUTICALS INC., USA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. 17-823-MN
(Consolidated)

C.A. No. 17-852-MN

**STIPULATION AND ORDER OF DISMISSAL**
*(Dismissal of Biogen et al. v. Glenmark et el.)*

Pursuant to Rule 41(a)(1)(ii) and (c), Fed. R. Civ. P., Biogen International GmbH and Biogen MA Inc. ("Plaintiffs") and Glenmark Pharmaceuticals Limited and Glenmark Pharmaceuticals Inc., USA ("Glenmark") having settled their disputes in Civil Action No. 17-cv-852 MN ("the Glenmark Action") by a settlement agreement (the "Settlement Agreement"), stipulate and agree, through their respective counsel and subject to the Court's approval, that all claims, counterclaims and defenses in the Glenmark Action are dismissed as follows:

1. As used in this Stipulation and Order of Dismissal, the term "Glenmark ANDA Product" shall mean a drug product manufactured, imported, sold, offered for sale, marketed, or distributed pursuant to Abbreviated New Drug Application No. 210309.

2. As used in this Stipulation and Order of Dismissal, the term "Patents-in-Suit" shall mean U.S. Patent Nos. 6,509,376, 7,320,999, and 8,399,514.

3. As used in this Stipulation and Order of Dismissal, the term "Affiliate" shall mean any entity or person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with Glenmark; for purposes of this definition, "control" (including the terms "controlled by" and "under common control with") of a business entity means (a) the direct or indirect ownership of at least fifty percent (50%) of the voting stock or other voting interest in such entity; (b) the right to appoint at least fifty percent (50%) of the directors or management of such entity; or (c) the power to otherwise control or direct the decisions of the board of directors or similar body governing the affairs of such entity, provided that such other Person shall be deemed an Affiliate of such first Person only during the time that such control exists.

4. Glenmark stipulates that, until expiration of the Patents-in-Suit, Glenmark, including any of its Affiliates, successors, and assigns, is enjoined from infringing the Patents-in-Suit, on its own part or through any Affiliate or any third party on its behalf, by making, having made, using, selling, offering to sell, importing, or distributing the Glenmark ANDA Product and is further enjoined from assisting or cooperating with any third parties in connection with any infringement of the Patents-in-Suit by any such third parties, unless and to the extent otherwise specifically authorized by Plaintiffs in writing.

5. Glenmark stipulates that compliance with this Stipulation and Order of Dismissal may be enforced by Plaintiffs and its respective successors in interest or assigns.

The Plaintiffs and Glenmark waive any right to appeal or otherwise move for relief from this Stipulation and Order of Dismissal.

The Plaintiffs and Glenmark stipulate that this Court has jurisdiction over them for the purposes of enforcing this Stipulation and Order of Dismissal and the terms of the Settlement Agreement.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All claims and defenses of Plaintiffs in the Glenmark Action are dismissed without prejudice.

2. All counterclaims and defenses of Glenmark in the Glenmark Action are dismissed with prejudice.

3. The Plaintiffs and Glenmark have waived any right to appeal or otherwise move for relief from this Stipulation and Order of Dismissal.

4. This Court has jurisdiction over the Plaintiffs and Glenmark for the purposes of enforcing this Stipulation and Order of Dismissal and the terms of the Settlement Agreement.

5. Each party will bear its own attorneys' fees and costs.

Dated: November 22, 2019

| | |
|---|---|
| OF COUNSEL:<br>Maureen L. Rurka<br>Kevin E. Warner<br>John R. McNair<br>Dan Hoang<br>Katherine D. Hundt<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601<br>(312) 558-7962 | */s/ John C. Phillips, Jr.*<br>_____<br>John C. Phillips, Jr. (#110)<br>David A. Bilson (#4986)<br>PHILLIPS GOLDMAN MCLAUGHLIN &<br>HALL, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806-4204<br>(302) 655-4200<br>jcp@pgmhlaw.com<br>dab@pgmhlaw.com<br><br>*Attorneys for Defendants Glenmark*<br>*Pharmaceuticals Limited and Glenmark*<br>*Pharmaceuticals Inc., USA* |
| OF COUNSEL:<br>James B. Monroe<br>Li Feng<br>Andrew E. Renison<br>Finnegan, Henderson, Farabow,<br>Garrett & Dunner, L.L.P.<br>901 New York Ave., N.W.<br>Washington, D.C. 20001<br>(202) 408-4000 | */s/ Steven J. Balick*<br>_____<br>Steven J. Balick (#2114)<br>Andrew C. Mayo (#5207)<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>(302) 654-188<br>sbalick@ashby-geddes.com<br>amayo@ashby-geddes.com<br><br>*Attorneys for Plaintiffs*<br>*Biogen International GmbH*<br>*and Biogen MA Inc.* |

**SO ORDERED** this _____ day of _____, 2019.

_____
United States District Judge